UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUFFIE L. SMITH-BRANDON,

      Plaintiff,

v.                               Case No. 8:21-cv-1179-WFJ-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. [2] Because the decision of the Commissioner of Social Security fails to reconcile the vocational expert's conflicting testimony, upon which the law judge relied in finding that the plaintiff could do prior work, I recommend that the decision be reversed and the matter remanded for further consideration.

_____

     [1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant.   See Fed. R. Civ. P. 25(d).

     [2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has completed two years of college, has worked as a routing clerk and a nurse assistant (Tr. 27, 52, 193).   She filed a claim for Social Security disability benefits in June 2019, alleging that she became disabled on June 1, 2013, due to "Glosspharageal [sic] nerve damage, Lower back pain injur[]ed in car accident 2yrs ago, Asthma, [and] Depression in past from this constant pain" (Tr. 79).   Her claim was denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge.   The law judge found that the plaintiff had severe impairments of "glossopharyngeal neuralgia; trigeminal neuralgia; unspecified spine disorder; [and] obesity" (Tr. 20).   He determined that, with these impairments, the plaintiff retained the residual functional capacity to perform a limited range of light work (Tr. 23). Specifically, the law judge found that the plaintiff (id.):

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs; she cannot climb ladders, ropes or scaffolding; she can occasionally crouch, crawl and kneel; she can stand and walk six hours; she can talk less than occasionally; she can still answer simple questions, but her talking limitation prevents extended interaction or talking with the public.

Based on the testimony of the vocational expert, the law judge determined that the plaintiff was able to perform her past relevant work as a routing clerk (Tr. 27).   The law judge therefore decided that the plaintiff was not disabled (id.).   The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. 423(d)(1)(A).   A physical or mental impairment, under the terms of the Act, is one that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.   42 U.S.C. 423(d)(3).   In this case, furthermore, the plaintiff must show that she became disabled before her insured status expired on March 31, 2019 (Tr. 20).   42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979).   The Act further provides that a claimant is not disabled if she is capable of performing previous work.   42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Under the substantial evidence test, findings of fact made by administrative agencies . . . may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the

4

evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.   Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts two main arguments: "[T]he ALJ erred in reliance on one of the opinions of the VE that was opposed by another opinion of the VE," and "[T]he ALJ erred in the determination of the RFC" (Doc. 17, p. 4).   Because the first contention has merit, I recommend that the matter be remanded for further consideration.

The plaintiff argues that the law judge's finding of no disability lacks substantial evidence because it is based upon the testimony of a vocational expert who gave conflicting testimony whether the plaintiff could perform her prior work, and the law judge failed to reconcile that conflict (id., pp. 4-5).

A claimant bears the burden of demonstrating an inability to perform her past kind of work, not merely an inability to perform a specific past job.   Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986). The ALJ may rely on a vocational expert's testimony regarding the physical

and mental demands of the claimant's past work, and may also consider the job descriptions set forth in the Dictionary of Occupations Titles (DOT). 20 C.F.R. 404.1560(b)(2). A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).

The law judge relied upon the testimony of the vocational expert in determining the requirements of the plaintiff's prior work. He stated (Tr. 27):

> .... [T]he vocational expert testified that the claimant could perform her routin[g] clerk position, as it is generally performed in the national economy, with the residual function set forth in Finding 5, *supra*. (Vocational Expert Hearing Testimony). In reviewing the descriptions in the DOT, the undersigned finds no apparent conflicts with the expert's testimony. Therefore, the undersigned relies on this testimony in finding the claimant capable of her past work. (SSR 00-4p).

In this respect, the law judge posed to the vocational expert a hypothetical question that recounted the plaintiff's RFC for a range of light work, to which the vocational expert responded that the plaintiff "would be able to perform that work as generally performed" (Tr. 72). In response to another hypothetical question with the same exertional limitations, the vocational expert testified that "[t]he work of the routing clerk ... would be

appropriate for that individual in the national economy, consistent with the descriptions and definitions of the DOT and the companion publications" (Tr. 73).

On the other hand, the vocational expert testified that, "[g]enerally, in my experience, working with individuals in this environment, we would expect medium exertion, as performed" (Tr. 68, see also Tr. 75 (the VE affirmed that the routing job, "as worked, as this work is performed in the national economy, ... would [definitely] be outside of" the plaintiff's RFC)).

The vocational expert added, "there is a bit of diversion from the DOT in that respect" (Tr. 69). The vocational expert elaborated (Tr. 75):

> Well, generally, in my experience, working with individuals in this environment, a person generally has to lift up to 50 pounds .... A group lift would occur over 50 pounds in many cases .... They're on their feet most of the day, moving ... packages really constantly ....

7

Thus, it is clear that there is conflicting testimony from the VE regarding the critical finding whether the routing clerk job is generally performed in the national economy at the light or medium exertional level. Furthermore, the plaintiff argues, "[t]he ALJ gave no reason[] to accept one description by the VE over the other descriptions by the same VE" (Doc. 17, p. 5).

The plaintiff's argument is well-taken. Thus, the law judge does not acknowledge that the VE gave conflicting testimony, much less explain why he accepted the VE's testimony that the job is generally performed as light work over his testimony that it requires medium exertion. The law judge merely states in a conclusory manner that "the vocational expert testified that the claimant could perform her routin[g] clerk position, as it is generally performed in the national economy, with the residual function" for a range of light work (Tr. 27).

Absent reasoning for that conclusion, it cannot be determined whether the law judge's determination that "the vocational expert testified that the claimant could perform her routin[g] clerk position" is supported by

8

substantial evidence.    See Richardson v. Perales, 402 U.S. 389, 401 (1971)

(Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.); see, e.g., Wallace v. Barnhart,

256 F. Supp. 2d 1360, 1374-75 (S.D. Fla. 2003) (The court remands the case

for resolution of "the internal conflict and ambiguity contained in ... the

VE's testimony."); Justik v. Commissioner of Social Security, No. 6:10-CV-

126-GLK, 2011 WL 1059106 at *12 (M.D. Fla) (The record contains

contrary vocational testimony regarding whether there are jobs the plaintiff

could perform, and the "ALJ provided no explanation about how the conflict

in the VE testimony was resolved").

  Moreover, the express resolution of this conflicting testimony

is mandated under Washington v. Commissioner of Social Security, which

"impose[s] an affirmative duty on the ALJs to identify apparent conflicts,

ask the VE about them, and explain how the conflict was resolved in the

ALJ's final decision." 906 F.3d 1353, 1365 (11th Cir. 2018).

  Here, there is an apparent conflict between the VE's testimony

that the routing clerk job is generally performed in the national economy at

the medium exertional level, and the DOT, which characterizes the routing clerk job as light work.   Indeed, the vocational expert stated, as to his experience of the routing clerk job, "there is a bit of diversion from the DOT" (Tr. 69).   However, the law judge, inexplicably, did not follow up on this testimony, and resolve the apparent conflict.   This is reversible error under Washington v. Commissioner of Social Security, supra, 906 F.3d at 1366-67.

The Commissioner argues that, notwithstanding the conflict in the VE's testimony, a remand is unwarranted because, in order "to meet her burden at Step 4 [of the sequential analysis], Plaintiff needed to show that she could no longer perform her past work as it is described in the DOT," which categorizes it as light work (Doc. 18, p. 5) citing 20 C.F.R. 404.1520(f); 20 C.F.R. 1560(b)(2); SSR 82-61.

This contention fails because that legal authority does not support the Commissioner's contention.   Rather, the pertinent regulation states that the law judge may rely upon the DOT and/or the VE to determine the requirements of a claimant's past work.   See 20 C.F.R. 404.1560(b)(2);

see also Simpson v. Commissioner of Social Security, 423 Fed. Appx. 882, 884 (11th Cir. 2011) (The ALJ may rely on a VE's testimony regarding the physical and mental demands of the claimant's past work).   Here, the law judge stated that he "relied on th[e VE] testimony in finding the claimant capable of her past work" (Tr. 27).   Therefore, the DOT's description of exertional requirements for a routing clerk does not overcome the unresolved conflict in the vocational expert's testimony.

The Commissioner's final argument is essentially that the DOT trumps the vocational expert's testimony.   Thus, she argues that, under "SSR 00-4p, the ALJ cannot rely on VE testimony that a position in the national economy requires a different exertional [level] than the DOT describes" (Doc. 18, p. 6, citing 2000 WL 1898704 at *3).

The Commissioner misapprehends this rule.   The pertinent section of SSR 00-4p, titled "Evidence That Conflicts With SSA Policy,"provides:

> Although there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), the

> regulatory definitions of exertional levels are controlling. For example, if all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of "medium" work (20 CFR 404.1567 and 416.967), the adjudicator may not rely on VE testimony that the occupation is "light" work.

The import of this rule is simply that the definitions for each exertional classification listed in §404.1567 must be applied in characterizing work as sedentary, light, medium, heavy or very heavy. It does not mean that VE testimony as to the exertional requirements of a job (for example, that a job requires lifting 50 pounds) can be disregarded if it conflicts with the DOT. To the contrary, "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict." SSR 00-4p, 2000 WL 1898704 at *2.

Moreover, as discussed in Washington v. Commissioner of Social Security, supra, 906 F.3d at 1362, the purpose of SSR 00-4p is to resolve conflicts between VE testimony and the DOT regarding the demands of an occupation. Therefore, this argument is baseless.

12

IV.

For these reasons, I recommend that the decision of the Commissioner be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 18, 2022

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.